IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Joel Johnson, *doing business as* Day of Days Productions, | ) ) ) | C/A No. 1:19-3269-MGL-PJG |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER AND REPORT AND RECOMMENDATION** |
| Sky Media, LLC, | ) ) ) | |
| Defendant. | ) ) ) | |

Plaintiff Joel Johnson, proceeding *pro se* individually and on behalf of his sole proprietorship Day of Days Productions ("Johnson"),[1] filed this copyright infringement action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on Defendant Sky Media, LLC's ("Sky Media") motion to dismiss the Amended Complaint for lack of personal jurisdiction and improper venue or, in the alternative, to transfer.[2] (ECF No. 26.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Johnson of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to Sky Media's motion. (ECF No. 27.) Johnson filed a response in opposition to Sky Media's motion (ECF No. 32), and Sky Media

---

[1] See RZS Holdings AVV v. PDVSA Petroleo S.A., 506 F.3d 350, 354 n.4 (4th Cir. 2007) ("Notably, it has been recognized that a sole proprietorship has no legal existence apart from its owner, and that an individual owner may represent his sole proprietorship in a pro se capacity.") (citing Lattanzio v. COMTA, 481 F.3d 137, 140 (2d Cir. 2007)).

[2] Johnson moved to amend the originally filed Complaint to clarify that he does not raise any claims against Greg Harrick individually. (ECF No. 23.) Sky Media does not object to Johnson's amendment. (ECF No. 26-1 at 1 n.1.) Therefore, Johnson's motion to amend is granted. The Clerk of Court is directed to docket Johnson's motion to amend as an Amended Complaint. (ECF No. 23.) In light of Johnson's amended pleading, Sky Media's first motion to dismiss is terminated as moot. (ECF No. 12.)

Page 1 of 14

replied (ECF No. 33). Having reviewed the record presented and the applicable law, the court finds Sky Media's motion should be denied.

## BACKGROUND

The following allegations are taken as true for purposes of resolving Sky Media's motion to dismiss. Plaintiff Joel Johnson is the sole proprietor of Day of Days Productions, a business in Aiken County, South Carolina. (Am. Compl., ECF No. 23 at 6.) Johnson creates wooden plaques with maps of beaches that were invaded in World War II. (Id.) The plaques are registered in the United States Copyright Office. (Id.) Johnson owns an August 27, 2019 copyright for a plaque of the landing plan for the Battle of Iwo Jima. (Id.)

On February 26, 2019, Johnson emailed a vendor inquiry to *Military Issue*, a retail catalog offering military related products. (Def.'s Reply, Herrick Decl., Ex. 1, ECF No. 33-2 at 6.) *Military Issue* is a brand owned by Defendant Sky Media, LLC, a company with its principal place of business in Minneapolis, Minnesota. (Am. Compl., ECF No. 23 at 6.) Sky Media owns other catalogs, including *Aviation*. (Id.) The manager of *Military Issue* responded to Johnson the next day, and over the next few days, Johnson and the manager discussed featuring Johnson's products in *Military Issue* and discussed pricing. (Def.'s Reply, Herrick Decl., Ex. 1, ECF No. 33-2 at 2-5.) On April 9, 2019, the manager of *Military Issue* emailed Johnson that Sky Media wanted to offer several of Johnson's plaques in its upcoming *Military Issue* and *Aviation* catalogs. (Am. Compl., ECF No. 23 at 6.) Johnson responded that his Iwo Jima plaque would not be available on Sky Media's schedule. (Id.) The manager of *Military Issue* emailed Johnson again on July 10, 2019 and asked if he could offer the Iwo Jima plaques in *Military Issue*'s August catalog. (Id.) Johnson responded that the Iwo Jima plaque would not be ready for publication in the August catalog. (Id.)

Johnson later discovered that *Military Issue* listed Johnson's Iwo Jima plaque in the August catalog anyway, as well as on the catalog's website.[3] (Id. at 7.) Johnson claims *Military Issue* took the image of the plaque from Johnson's website and used it in the catalog and on its website. (Pl.'s Resp. Opp'n, ECF No. 32 at 7.) On August 27, 2019, Johnson sent a cease and desist letter to *Military Issue* demanding that it remove the offending material from publication and cease the use of Johnson's copyrighted material. (Am. Compl., ECF No. 23 at 7.) *Military Issue* ignored Johnson's cease and desist letter. (Id.) Thereafter, Johnson filed this copyright infringement action against Sky Media.

## DISCUSSION

**A.     Personal Jurisdiction**

Sky Media argues that the court lacks personal jurisdiction over it. A federal court may exercise personal jurisdiction over a defendant in the manner provided by state law under Federal Rule of Civil Procedure 4(k)(1)(A). Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing ESAB Grp., Inc. v. Centricut, Inc., 126 F.3d 617, 622 (4th Cir. 1997)). "Thus, for a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." Id. (citing Christian Sci. Bd. of Dirs. of the First Church of Christ v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001)). South Carolina's long-arm statute has been held to extend jurisdiction "to the outer limits" of due process, Fed. Ins. Co. v. Lake Shore, Inc., 886 F.2d 654, 657 n.2 (4th Cir. 1989); therefore, the court can proceed directly to the

---

[3] Plaintiff asserts that Sky Media issues catalogs that are directly mailed throughout the United States, including South Carolina. (Pl.'s Resp. Opp'n, ECF No. 32 at 7.)

question of whether exercising personal jurisdiction over Sky Media is constitutionally permissible. ESAB Grp., Inc. v. Zurich Ins. PLC, 685 F.3d 376, 391 (4th Cir. 2012). When the court, as here, addresses the question of personal jurisdiction based on motion papers, supporting legal memoranda, and the allegations in the Complaint, the plaintiff has the burden to make a *prima facie* showing of jurisdiction to survive a defendant's challenge. Consulting Eng'rs Corp. v. Geometric Ltd., 561 F.3d 273, 276 (4th Cir. 2009).

**General Jurisdiction.** The due process analysis differs depending on whether the personal jurisdiction is based on general or specific jurisdiction. Fidrych v. Marriott Int'l, Inc., 952 F.3d 124, 131 (4th Cir. 2020). "To establish general jurisdiction over the defendant, the defendant's activities in the State must have been 'continuous and systematic,' a more demanding standard than is necessary for establishing specific jurisdiction." ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984)); see also Fidrych, 952 F.3d at 131-32 ("General jurisdiction may be exercised when the defendant has contacts with the forum jurisdiction that are so constant and pervasive as to render it essentially at home in the forum State.") (internal quotation marks omitted).

Here, Johnson puts forth no facts or evidence, as is his burden, that would suggest that Sky Media's contacts with South Carolina are constant and pervasive. See Grayson v. Anderson, 816 F.3d 262, 268 (4th Cir. 2016) ("When determining whether a plaintiff has made the requisite *prima facie* showing, the court must take the allegations and available evidence relating to personal jurisdiction in the light most favorable to the plaintiff. Ultimately, however, a plaintiff must establish facts supporting jurisdiction over the defendant by a preponderance of the evidence.") (citing Combs v. Baker, 886 F.2d 673, 676 (4th Cir. 1989)). As Sky Media points out, United

States Supreme Court precedent instructs that, generally, the continuous and systematic contacts required to establish general jurisdiction must be such that the defendant is "at home" in the forum state. Daimler AG v. Bauman, 571 U.S. 117, 139 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). Paradigmatically—although not necessarily exclusively—defendants are at home in all-purpose forums such as the place of incorporation and principal place of business. Id. at 137, 139 & n.19. Here, Johnson has failed to show contacts of the constant and pervasive nature such that the District of South Carolina would have general jurisdiction over Sky Media.

**Specific Jurisdiction.** The court therefore turns to whether specific jurisdiction lies over this defendant based on its contacts with the forum state in connection with the basis of the suit. For a court to exercise specific jurisdiction over the defendant, the court must consider (1) the extent to which the defendant "purposefully availed" himself of the privilege of conducting activities in the forum state; (2) whether the plaintiff's claim arises out of those activities directed at the forum state; and (3) whether the exercise of personal jurisdiction would be constitutionally "reasonable." Consulting Eng'rs Corp., 561 F.3d at 278 (citing ALS Scan, Inc., 293 F.3d at 712)). All three prongs must be met. Perdue Foods LLC v. BRF S.A., 814 F.3d 185, 189 (4th Cir. 2016).

In the business context, the United States Court of Appeals for the Fourth Circuit has identified several nonexclusive factors courts should consider in resolving whether the defendant has met the purposeful availment element:

> [W]hether the defendant maintains offices or agents in the forum state; whether the defendant owns property in the forum state; whether the defendant reached into the forum state to solicit or initiate business; whether the defendant deliberately engaged in significant or long-term business activities in the forum state; whether the parties contractually agreed that the law of the forum state would govern disputes; whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; the nature, quality and

> extent of the parties' communications about the business being transacted; and whether the performance of contractual duties was to occur within the forum.

Consulting Eng'rs Corp., 561 F.3d at 278 (internal citations omitted) (cited in Perdue Foods, 814 F.3d at 189). The test is flexible and fact specific; the analysis must proceed on a case-by-case basis. See Tire Eng'g & Distribution LLC v. Shandong Linglong Rubber Co. Ltd., 682 F.3d 292, 302 (4th Cir. 2012).

Here, many of these factors weigh against an exercise of specific jurisdiction in this court. Indisputably, Sky Media does not maintain offices or agents here and owns no property here. (Herrick Decl. ¶ 9, ECF No. 33-1 at 2.) The record is silent about any contractual forum selection. Also, Sky Media has presented unrefuted admissible evidence that the plaintiff initiated the first inquiry; however, the Fourth Circuit has expressly stated that this factor alone is not determinative. Compare Christian Sci. Bd. of Dirs., 259 F.3d at 216 ("A prospective defendant need not initiate the relevant 'minimum contacts' to be regarded as purposefully availing himself of the privileges of conducting activity in the forum state."), with Burger King, 471 U.S. at 475 (holding that a nonresident defendant may not be haled into court solely from "random," "fortuitous," or "attenuated" contacts or the "*unilateral* activity of another party or third person") (emphasis added) (citations omitted). Unlike many of the cases where personal jurisdiction has been found to exist, no one from Sky Media ever travelled to South Carolina to meet with the plaintiff. (Herrick Decl. ¶ 8, ECF No. 33-1 at 2); CFA Inst. v. Inst. of Chartered Fin. Analysts of India, 551 F.3d 285, 294-

95 (4th Cir. 2009); but see English & Smith v. Metzger, 901 F.2d 36, 39 (4th Cir. 1990) (finding that physical presence in the forum is not dispositive).[4]

However, three factors weigh in favor of personal jurisdiction: the deliberate engagement of significant or long-term business activities in the forum state; the nature, quality, and extent of the parties' communications about the business being transacted; and the performance of contractual duties within the forum. And, as discussed below, these factors have often been determinative in precedential cases concluding that a defendant has purposely availed itself of the forum jurisdiction.

First, the court considers the nature, quality, and extent of the parties' communications about the business being transacted. Here, the record shows approximately twelve emails between the parties over a period of approximately five months, discussing pricing and product availability. (Am. Compl., ECF No. 23 at 6; Herrick Decl., Ex. 1, ECF No. 33 at 2-6.) Although the number of emails appears relatively limited, the Fourth Circuit has repeatedly focused on the nature and quality of the contacts rather than the number. See, e.g., Tire Eng'g & Distribution, 682 F.3d at 301 (noting that, in the context of specific jurisdiction, courts must do more than "formulaically count contacts, instead taking into account the qualitative nature of each of the defendant's

---

[4] Moreover, the development of technology providing manifold electronic media for business communications may alter the weight courts traditionally have given to certain factors in the purposeful availment analysis. See, e.g., Perdue Foods, 814 F.3d at 191 (recognizing that physical presence in the forum state is "not essential" because a substantial amount of business is transacted by mail and wire communications) (citing Burger King, 471 U.S. at 476); Neal v. Janssen, 270 F.3d 328, 333 (6th Cir. 2001) ("Physical presence is not the touchstone of personal jurisdiction."); see also Fidrych, 952 F.3d at 141 n.5 (discussing the test in Zippo Manufacturing Company v. Zippo Dot Com, Inc., 952 F. Supp. 1119 (W.D. Pa. 1997), used to consider the jurisdictional implications of internet-based communications and activity, adopted by the Fourth Circuit in ALS Scan, Inc., 293 F.3d at 714, and noting that "[t]he internet we know today is very different from the internet of 1997, when Zippo was decided" and that "a re-evaluation of the utility of the Zippo approach may be prudent").

connections to the forum state"); Consulting Eng'rs Corp., 561 F.3d at 279 (noting that the contacts by the defendant consisted of approximately four telephone conversations and twenty-four emails, eight of which were sent by the defendant, but observing that "[w]e look to the quality and nature of the contacts in evaluating whether they meet the minimum contacts requirement").  Although no long-term agreement appears to have been reached, Sky Media appears to have directed communications to the plaintiff in the forum state to establish an ongoing business relationship for the plaintiff to supply goods.  These contacts negotiated prices and terms, and ripened into a business relationship where Sky Media ordered fifty-three plaques from the plaintiff on four occasions, knowing that the plaintiff's performance of his contractual obligations would take place in South Carolina.  Cf. Perdue Foods, 814 F.3d at 190 ("If [the defendant] had entered a contract that required [the plaintiff] to perform significant contractual duties in Maryland, personal jurisdiction over [the defendant] might lie in Maryland.").

These appear to be the nature and quality of contacts that the Fourth Circuit has found to support an exercise of personal jurisdiction in similar contexts.  For example, in CFA Institute v. Institute of Chartered Financial Analysts of India, 551 F.3d 285 (4th Cir. 2009), the Fourth Circuit addressed the question whether a foreign corporation was subject to suit in Virginia in a trademark infringement case.  The Court upheld the exercise of specific jurisdiction because the defendant had initiated contact that sparked ongoing business transactions, with the defendant repeatedly reaching into the forum state to transact business with the plaintiff.  Id. at 295.  Moreover, the CFA Court noted that a single act by a defendant can be sufficient to satisfy the necessary "quality and nature" of the minimum contacts test.  Id. at 293; see also Burger King, 471 U.S. at 475-76 (holding that specific personal jurisdiction can arise from just one contract between the parties where the defendant has created continuing obligations between itself and residents of the forum).

Similarly, in Tire Engineering & Distribution, LLC v. Shandong Linglong Rubber Co., Ltd., 682 F.3d 292, 305 (4th Cir. 2012), the court upheld the exercise of specific jurisdiction in a case alleging blueprint theft and infringement against Defendant Linglong—even where no representative of the defendant visited the forum state—based on the qualitative significance of the defendant's contacts. These contacts included the defendant's engaging in substantive deliberations about the plaintiff's design and manufacturing process with the plaintiff's employee, who worked in the forum state. Id. at 303-04. Other Fourth Circuit cases have reached similar results. Compare Christian Sci. Bd. of Dirs., 259 F.3d at 217 (finding specific jurisdiction over an out-of-forum defendant who entered into a collaborative enterprise with a co-defendant who performed work in the forum state), and English & Smith, 901 F.2d at 39-40 (finding specific jurisdiction where the defendant entered into contracts with the plaintiff to perform legal services and carried on a continuing relationship in the forum state while the two worked together on a lawsuit), with Perdue Foods, 814 F.3d at 189-90 (finding no personal jurisdiction where the defendant did not initiate the contractual negotiations *and the contract did not require the plaintiff to perform any contractual duties in the forum state*), and Affinity Memory & Micro, Inc. v. K & Q Enters., Inc., 20 F. Supp. 2d 948, 953 (E.D. Va. 1998) (finding no personal jurisdiction based in part on the fact that the defendant did not initiate the business relationship and the defendant made no attempt to develop a market in the forum state *or establish a continuing business relationship with the plaintiff*).

The cases relied upon by Sky Media do not compel a different result. In support of its argument against specific jurisdiction, the defendant relies on Walden v. Fiore, 571 U.S. 277 (2014). There, however, the defendant police officer had no contact with the forum state of Nevada other than allegedly knowing that his tortious conduct in Georgia would cause harm to plaintiffs

with connections to Nevada. Id. at 279. By contrast, here, Sky Media's contacts with South Carolina included entering a business relationship that included multiple purchase orders calling for plaintiff to create goods in South Carolina and supply them to Sky Media in its home state for Sky Media to deliver to others at a profit.

Moreover, focusing on the second element of the specific jurisdiction test and in contrast to cases relied upon by Sky Media, the current dispute arose from the very relationship that resulted from Sky Media's contacts with South Carolina. Cf. Bristol-Myers Squibb Co. v. Superior Court of Cal., S.F. Cty., 137 S. Ct. 1773 (2017) (finding no personal jurisdiction where the plaintiff's claims did not arise out of the defendant's contacts with the forum state); Fidrych, 952 F.3d at 131 (holding that where the personal injury from the plaintiff's fall in the defendant's hotel took place in Italy, Marriott's maintenance of other hotels in South Carolina and operation of an interactive website through which the reservation at its Italian hotel was made by South Carolina resident was not enough because those contacts were not suit-related). Here, Johnson's claim concerns the very activity Sky Media directed to South Carolina—seeking the use of Johnson's copyrighted products to sell through its catalog. See Tire Eng'g & Distribution, 682 F.3d at 303 ("A plaintiff's claims similarly arise out of activities directed at the forum state if substantial correspondence and collaboration between the parties, one of which is based in the forum state, forms an important part of the claim").

The court further concludes that Sky Media's repeated contacts creating a supplier relationship which led to this copyright dispute satisfy the dictates of International Shoe Company v. Washington, 326 U.S. 310, 316 (1945), and Burger King. See Burger King, 471 U.S. at 475 ("This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral

activity of another party or a third person.") (internal citations and quotations marks omitted); Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) ("Due process requirements are satisfied when in personam jurisdiction is asserted over a nonresident corporate defendant that has 'certain minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' ") (internal alterations omitted) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)); see also CSS Antenna, Inc. v. Amphenlo-Tuchel Elecs., GMBH, 764 F. Supp. 2d 745, 751 (D. Md. 2011) (finding the assertion of personal jurisdiction over an out-of-forum defendant was constitutionally reasonable where the defendant's contacts included visiting Maryland to meet with the plaintiff and maintaining an ongoing business relationship with the plaintiff to supply products; the defendant had hired local counsel; and the plaintiff was a Maryland corporation).  Indeed, Sky Media provides no argument that being subject to this court's jurisdiction would be constitutionally unreasonable—that is, that it would offend "traditional notions of fair play and substantial justice." Helicopteros, 466 U.S. at 414.  The court must consider whether litigation in this forum puts the defendant at a severe disadvantage compared to the plaintiff.  Burger King, 471 U.S. at 478.  This requires the court to consider the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." Id. at 477. Significantly, Sky Media has retained counsel here, whereas Johnson is proceeding without counsel.  See Tire Eng'g & Distribution, 682 F.3d at 304-05 (finding a United Arab Emirates corporation's defense of a suit in Virginia "not particularly burdensome" where the corporation was able to retain counsel in the forum state).  Therefore, this forum is not overly burdensome to

Sky Media and its *pro se* opponent has efficient access to a local court. Also, South Carolina has an interest in protecting copyrights held by its businesses and vindicating the rights of its citizens. See Christian Sci. Bd. of Dirs., 259 F.3d at 218 (finding North Carolina had an interest in deterring infringement of trademarks held by North Carolina organization); see also Burger King, 471 U.S. at 482-83 (noting states have an interest in providing an effective means of redress for its residents) (citing McGee v. Int'l Life Ins. Co., 355 U.S. 220, 223 (1957)). Consequently, the court finds that exercising jurisdiction over Sky Media in this case is constitutionally reasonable.

Accordingly, the court finds that Johnson has established a *prima facie* case of specific personal jurisdiction.

**B.     Venue**

Sky Media also argues that this matter should be dismissed or transferred because venue is improper in South Carolina. The court disagrees. Venue in copyright infringement actions is proper "in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400. The language "may be found" means any district which may assert personal jurisdiction over a defendant. See Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004); Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc., 888 F. Supp. 2d 691, 703 (D. Md. 2012), aff'd, 722 F.3d 591 (4th Cir. 2013). As explained above, Johnson has met his burden of showing that the court has personal jurisdiction over Sky Media in this case. Accordingly, venue is proper in this court.

**RECOMMENDATION**

Based on the foregoing, the court recommends Sky Media's motion to dismiss be denied.

(ECF No. 26.)

April 23, 2020  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).