

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| JOEL JOHNSON, *doing business as* *Day of Days Productions*, <br>       Plaintiff, <br><br> vs. <br><br> SKY MEDIA, LLC, <br>       Defendant. | § <br> § <br> § <br> § <br> §   Civil Action No. 1:19-3269-MGL-PJG <br> § <br> § <br> § <br> § |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION AND DENYING DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

  Plaintiff Joel Johnson, proceeding pro se individually and on behalf of his sole proprietorship Day of Days Productions (Johnson), filed this copyright infringement action against Defendant Sky Media, LLC (Sky Media).

  The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Sky Media's motion to dismiss the amended complaint for lack of personal jurisdiction and improper venue or, in the alternative, to transfer venue to the United States District Court for the District of Minnesota, be denied. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

  The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 23, 2020, and Sky Media filed its Objections to the Report (Objections) on May 7, 2020. The Court has reviewed the Objections, but holds them to be without merit. Therefore, it will enter judgment accordingly on behalf of Johnson.

Johnson is the sole proprietor of Day of Days Productions, a small business located in Aiken County, South Carolina, which manufactures and sells wooden plaques with maps of beaches that were invaded in World War II. The maps are laser engraved on a 9" x 12" red alder wood plaque with vials of the actual sand and/or volcanic ash from the specific landing beaches in Europe. The vials of sand and/or volcanic ash are placed in geographically approximate locations on the map identifying the specific landing beach. Johnson personally traveled to the specific landing beaches in Europe and collected the sand and/or volcanic ash that is ultimately placed in the vials. Each plaque comes with a notarized certificate of authenticity.

Johnson registered these plaques with the United States Copyright Office, and, as is pertinent to the Court's analysis of the underlying claim, Johnson owns a copyright for a plaque representing the landing plan for the battle of Iwo Jima (Iwo Jima Plaque).

Sky Media is a retailer of collectible and commemorative items appealing to military, aviation, and automotive history enthusiasts. Sky Media is a limited liability company organized in Wyoming, has its principal place of business in Minneapolis, Minnesota, and does business as

Historical Sales.  It operates through several different brands, including Military Issue.  Military Issue is a retail catalog and website offering military related products for sale to the public.

Sky Media does not own or possess any assets in South Carolina, nor does it employ any personnel or agents in South Carolina.  It does, however, send Military Issue catalogs to individuals domiciled in South Carolina, as well as maintains customers in South Carolina.

The business relationship between Johnson and Sky Media began on February 26, 2019, when Johnson e-mailed Sky Media and requested information on the process of becoming a vendor for the Military Issue catalog.  Johnson desired to sell Sky Media his wooden plaques for their ultimate resale and distribution throughout Sky Media's Military Issue catalog network.  In the February 26, 2019, introductory e-mail, Johnson stated to Sky Media his product line offerings consisted of a (1) Final Overlord Plan Plaque and a (2) US Army WWII European Theatre of Operation Plaque.  Johnson also specified he was in the process of creating a third plaque honoring the landing at Iwo Jima, the Iwo Jima Plaque.

The following day, February 27, 2019, Jacob Westlin (Westlin), a military product manager and senior copywriter of the Military Issue catalog, replied to Johnson's introductory February 26, 2019, e-mail and asked for further information to determine whether Johnson's products would constitute a good fit for Sky Media.  That same day, Johnson replied to Westlin's e-mail and stated, in part, "[a]ll the plaques are copyrighted and my business, Day of Days Productions[,] is trademarked."  Over the next week, Johnson and Westlin exchanged numerous and detailed e-mails discussing a potential business partnership.  Ultimately Johnson and Sky Media agreed to pricing terms on the wooden plaques for ultimate resale in the Military Issue catalog, and Johnson became an official vendor of Sky Media.

On April 9, 2019, Westlin e-mailed Johnson and proposed including the Iwo Jima Plaque in Military Issue's early summer 2019 catalog.  That same day, Johnson replied and stated that the Iwo Jima Plaque would be unavailable for fulfillment if ordered from the early summer 2019 Military Issue catalog.  As such, the Iwo Jima Plaque was not included in Military Issue's early summer 2019 catalog.  On July 10, 2019, Westlin e-mailed Johnson and again asked if the Iwo Jima Plaque was available for order fulfillment so it could be offered for sale in the late summer 2019 Military Issue catalog.  In this e-mail, Westlin also asked Johnson to confirm the price of the Iwo Jima Plaque.  Johnson replied and stated he had not received a catalog as he previously requested, nor had he received a check from Sky Media for previous product sales to them.  Johnson failed to provide Sky Media permission to include the Iwo Jima Plaque in the late summer 2019 Military Issue catalog.  Johnson later discovered, however, Sky Media listed, without his permission, the Iwo Jima Plaque in the late summer 2019 Military Issue catalog, as well as on the catalog's website.

On August 27, 2019, Johnson sent a cease and desist letter to Sky Media and demanded it, inter alia, remove all infringing content from its media platforms and permanently cease the use, publication, and distribution of Day of Days Productions's copyrighted material.  Sky Media ignored Johnson's cease and desist letter and proceeded to re-print the copyrighted Iwo Jima Plaque in its early-autumn 2019 Military Issue catalog.  Thereafter, Johnson filed this copyright infringement action against Sky Media in the United States District Court for the District of South Carolina, Aiken Division.  Sky Media seeks to dismiss this case on the basis of lack of personal jurisdiction and improper venue, or, in the alternative, to transfer venue to the United States District Court for the District of Minnesota.

Sky Media disagrees with the Magistrate Judge's determination that the Court maintains specific personal jurisdiction over Sky Media as a result of its contacts with South Carolina. In determining whether the Court may exercise specific personal jurisdiction over a party, the Court "consider[s] (1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *ALS Scan, Inc. v. Digit. Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002) (quoting *Christian Science Bd. of Dirs. of the First Church of Christ v. Nolan*, 259 F.3d 209, 216 (4th Cir. 2001)).

**I.     Whether Sky Media purposefully availed itself of the privilege of conducting activities in South Carolina**

Citing *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009), the Magistrate Judge performed an extensive and detailed analysis of the nonexclusive factors that a court should consider when determining whether Sky Media purposefully availed itself to South Carolina so as to warrant it being hauled in front of our courts in the event of a legal dispute. Although certain factors, such as Sky Media's lack of a physical presence in South Carolina, as well as all of its communications with Johnson occurring via e-mail or telephone from its Minneapolis, Minnesota headquarters, weigh against the Court exercising specific jurisdiction, the Magistrate Judge opined three key factors strongly weigh in favor of exercising personal jurisdiction.

These three factors are: the intentional and deliberate engagement of significant or long-term business activities in South Carolina; the nature, quality, and extent of the parties' communications about the business being transacted; and the contractual duties performed within

South Carolina for the direct benefit of Sky Media. The Court agrees with the Magistrate Judge's analysis on these three factors and their dispositive nature in this matter.

> **A.     *Whether Sky Media intentionally and deliberately engaged in significant or long-term business activities in South Carolina so as to justify the exercise of personal jurisdiction***

In Sky Media's Objections, it places tremendous weight on the fact Johnson initially reached out to Sky Media. Citing *Perdue Foods LLC v. BRF S.A.*, 814 F.3d 185, 189 (4th Cir. 2016), Sky Media states "the [Fourth Circuit] Court of Appeals declined to extend personal jurisdiction over a defendant in a breach of contract case where the plaintiff was the party who initiated the negotiations that led to the agreement, and defendant had no agents in the forum state, owned no property there, and never traveled to the state in connection with the agreement." Sky Media's Objections at 5. The facts of this matter, however, are distinguishable from *Perdue* for no other reason than the contract in *Perdue* did not require the plaintiff to perform any contractual duties in the forum state. *See Perdue*, 814 F.3d at 190 ("Further, the Agreement does not even require [the plaintiff] to perform any contractual duties in Maryland. If [the defendant] had entered a contract that required [the plaintiff] to perform significant contractual duties in Maryland, personal jurisdiction over [the defendant] might lie in Maryland.").

Unlike the plaintiff in *Perdue*, Johnson performed nearly all—if not all—of his contractual duties in South Carolina for the benefit of Sky Media. Johnson manufactured and assembled the wooden plaques sold to Sky Media in South Carolina. Johnson, while in South Carolina, personally packaged the wooden plaques into cardboard boxes for shipment to Sky Media in Minneapolis, Minnesota. Sky Media received invoices from Johnson which originated in South Carolina, as well as made financial payments to Johnson in South Carolina on said invoices. Also,

communications with Johnson occurred while Johnson was physically located and domiciled in South Carolina.

Peculiarly, Sky Media argues "[a]t no time did Sky Media ever seek to do business with [Johnson] in South Carolina . . . ." Sky Media's Objections at 5. Such an assertion defies credulity, and the record shows otherwise.

> **B.     Whether the nature, quality, and extent of Sky Media and Johnson's communications about officially setting up Johnson as a vendor and selling his products in the Military Issue catalog weigh in favor of exercising personal jurisdiction**

Sky Media also insists the Magistrate Judge misconstrued the nature, quality, and extent of the substance of the communications between the parties about the business being transacted. The Court disagrees.

Sky Media asserts its communications with Johnson were limited in nature and none took place in a face to face setting. The Fourth Circuit focuses on the nature, quality, and the extent of the substance of the contacts as opposed to the number. *See Tire Eng'g & Distribution, LLC v. Shandong Linglong Rubber Co.*, 682 F.3d 292, 301 (4th Cir. 2012) ("We do more than formulaically count contacts, instead taking into account the qualitative nature of each of the defendant's connections to the forum state."). Here, Sky Media directed multiple communications to Johnson with the intent and objective of setting him up as a vendor to purchase his products, which were made in South Carolina by a South Carolina resident, and re-sell them for a profit throughout its nationwide Military Issue catalog subscription base.

The relationship between Sky Media and Johnson was not a happenstance, fortuitous, or a one-time ordering relationship. Although Johnson initially contacted Sky Media to discuss the possibility of a business relationship, Sky Media not only entertained Johnson's request, but set him up as a vendor in its supplier ecosystem and undertook a professional business relationship

7

with him. Thus, Sky Media cannot now argue being subject to the Court's jurisdiction is the result of random, unplanned, or attenuated contacts, or of the unilateral activity of another party or a third person. In fact, up and until Sky Media allegedly violated Johnson's intellectual property rights, it had placed four separate orders with him. Presumably, more orders would have transpired in this on-going business relationship but for the events that gave rise to this lawsuit.

Sky Media also hangs its hat on the fact it has never physically traveled to South Carolina to meet with Johnson. But, there is no in-person meeting requirement that serves as a prerequisite to creating a valid supplier relationship. *See generally Purdue*, 814 F.3d at 191 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)) ("We recognize that physical presence in the forum state is not essential. Rather, 'it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business in conducted.'").

Sky Media's posture that a supplier agreement initiated and maintained through e-mails and telephone calls cannot rise to the level of allowing South Carolina to exercise specific jurisdiction over it is without merit. Hence, a defendant need not physically travel to the forum state to maintain quality communications with a plaintiff.

    **C.**  ***Whether performance of the contractual duties occurred within South Carolina***

There is no dispute as to whether Johnson's contractual duties occurred within South Carolina. They did. Johnson manufactured and assembled wooden plaques pursuant to his contract with Sky Media and shipped them to its principle place of business in Minneapolis, Minnesota, through the United States Postal Service.

II. **Whether Johnson's claims arise out of those activities directed at South Carolina**

The Magistrate Judge noted the current dispute arose from the very relationship that resulted from Sky Media's contacts with South Carolina.  The Court agrees.

Johnson's claims directly relate to the core contract between the parties: Sky Media's use of Johnson's copyrighted products in its Military Issue catalog for the purpose of soliciting sales of Johnson's products, which were to be manufactured, assembled, and fulfilled by Johnson in South Carolina.  Sky Media argues although it purchased multiple plaques from Johnson, none of those purchases included the Iwo Jima Plaque for which Johnson initiated this lawsuit.  Specifically, Sky Media admits it purchased the Final Overlord Plan Plaque and the US Army WWII European Theatre of Operation Plaque from Johnson, but never purchased his third product offering, the Iwo Jima Plaque.  Thus, according to Sky Media, because it never purchased the Iwo Jima Plaque from Johnson, its purported violations of his copyrighted material are too attenuated from the underlying existing contractual relationship between them.  Ultimately, this distinction has no bearing on the outcome of the Court's decision.

The Iwo Jima Plaque is one of Johnson's product offerings.  The fact Sky Media never purchased this specific product does not allow it to claim its actions are unrelated to the underlying contract between Sky Media and Johnson.  In fact, in Johnson's very first interaction with Sky Media, he noted the Iwo Jima Plaque was in the final stages of becoming his third product offering.

III. **Whether the exercise of personal jurisdiction over Sky Media would be constitutionally reasonable**

"Due process requirements are satisfied when in personam jurisdiction is asserted over a nonresident corporate defendant that has 'certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting

9

*International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (alteration in original). Sky Media fails to provide any cogent argument how being subject to personal jurisdiction by this Court would offend traditional notions of fair play and substantial justice.

The Magistrate Judge analyzed whether litigation in this forum places Sky Media at a severe disadvantage compared to Johnson, as well as the reasonableness of requiring Sky Media to defend the lawsuit in South Carolina. The Magistrate Judge specifically noted the lack of disadvantage to Sky Media as it retained local counsel to defend it, as well as South Carolina's strong interest in protecting copyrights held by its businesses. The Court agrees with this analysis, especially as it relates to South Carolina's strong interest in protecting copyrights held by its businesses, and holds Sky Media is not disadvantaged by litigating this lawsuit in South Carolina.

Accordingly, Johnson has set forth a prima fascia case of specific jurisdiction,

**IV.     Whether venue is appropriate in South Carolina**

Concerning the Magistrate Judge's determination venue is proper, Sky Media, in its Objections, states the following: "To the extent that the Report's conclusion as to venue rely on the conclusions regarding jurisdiction, the Court should also reject that analysis.". Objections at 10.

Sky Media fails to rebut the Magistrate Judge's discussion of the "may be found" language in 28 U.S.C. § 1400. *See* Report at 12 (quoting 28 U.S.C. § 1400) ("Venue in copyright infringement actions is proper 'in the district in which the defendant or his agent resides or may be found.'"). Because the Court agrees with the Magistrate Judge's analysis regarding venue, it holds venue is proper in South Carolina.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Sky Media's Objections, adopts the Report, and incorporates

it herein.  Therefore, it is the judgment of the Court Sky Media's motion to dismiss, or in the alternative to transfer venue, is **DENIED**.

    **IT IS SO ORDERED.**

Signed this 29th day of September 2020, in Columbia, South Carolina.

                                              s/ Mary Geiger Lewis
                                              MARY GEIGER LEWIS
                                              UNITED STATES DISTRICT JUDGE